IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-156-D-1
No. 5:12-CV-30-D

| | |
|---|---|
| CURTIS DEVON HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On January 20, 2012, Curtis Devon Harris ("Harris") moved to vacate his 90 month sentence pursuant to 28 U.S.C. § 2255 [D.E. 34]. On May 23, 2012, the government moved to dismiss Harris's motion [D.E. 38] and filed a supporting memorandum [D.E. 39]. On July 3, 2012, Harris filed a memorandum opposing the government's motion to dismiss [D.E. 42]. As explained below, the court grants the government's motion and dismisses Harris's section 2255 motion.

I.

On September 2, 2008, pursuant to a written plea agreement, Harris pleaded guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). See [D.E. 2, 15–16]. On December 2, 2008, this court held a sentencing hearing in Harris's case. See [D.E. 18, 28]. Based on Harris's November 22, 2002 felony convictions for possession with the intent to sell and deliver cocaine, selling cocaine, conspiring to sell and deliver cocaine, and maintaining a vehicle, dwelling, or place for a controlled substance, see PSR ¶ 7, and Harris's December 14, 2007 felony convictions for fleeing with a motor vehicle to elude arrest and possession with the intent to sell and deliver cocaine, see PSR ¶ 11, the court applied U.S.S.G. § 2K2.1(a)(2) and found that

Harris's base offense level was twenty-four. See U.S.S.G. § 2K2.1(a)(2) (2008); PSR ¶ 34; [D.E. 28] 6. After hearing testimony and arguments, the court also found that Harris possessed crack cocaine concurrently with the firearm possession for which he was convicted, that Harris's crack cocaine possession was a felony offense, and that Harris deserved a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6). See U.S.S.G. § 2K2.1(b)(6) (2008); [D.E. 28] 6–34. After a reduction for acceptance of responsibility and based on the criminal history calculation, the court determined that Harris's advisory guideline range was 84–105 months' imprisonment. [D.E. 28] 34. The court sentenced Harris to 90 months' imprisonment. See [D.E. 18, 20].

On December 15, 2008, Harris appealed his conviction and sentence [D.E. 19]. On April 13, 2010, the Fourth Circuit affirmed in part and dismissed in part Harris's appeal [D.E. 31–32]. As for Harris's appeal of his sentence, the Fourth Circuit concluded that the appellate waiver in paragraph 2(c) of Harris's plea agreement barred his attack on his sentence. See United States v. Harris, 373 F. App'x 377, 377–78 (4th Cir. 2010) (per curiam) (unpublished). On October 4, 2010, the United States Supreme Court denied Harris's petition for a writ of certiorari. Harris v. United States, 131 S. Ct. 293, 293 (2010).

On January 20, 2012, Harris moved to vacate his sentence pursuant to 28 U.S.C. § 2255 [D.E. 34]. Harris raises three arguments. First, Harris contends that in light of Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), his conviction in paragraph 11 of his PSR for speeding to elude arrest is not a felony conviction. See [D.E. 34] 4; [D.E. 42] 2. Thus, Harris argues that the court improperly relied on that conviction when finding that Harris had a base offense level of twenty-four pursuant to section 2K2.1(a)(2). See [D.E. 34] 4; [D.E. 42] 2. Second, again relying on Carachuri-Rosendo and

Simmons, Harris argues that his possession of crack cocaine was not a felony at the time of his firearm possession. See [D.E. 34] 8; [D.E. 42] 2; see also [D.E. 28] 11–13, 15, 30–31. Thus, Harris argues that the court erred in applying a four-level enhancement pursuant to section 2K2.1(b)(6) based on that crack cocaine possession. [D.E. 34] 7. Third, Harris asserts that his attorney was ineffective in failing to anticipate the change in law reflected in the combination of Carachuri-Rosendo and Simmons, and consequently in allowing the court to apply a base offense level of twenty-four pursuant to section 2K2.1(a)(2) and a four-level enhancement pursuant to section 2K2.1(b)(6). Id. 5.

On May 23, 2012, the government moved to dismiss Harris's section 2255 motion. Among other things, the government contends that the waiver provision in Harris's plea agreement bars his section 2255 motion, that he procedurally defaulted his first two claims under Simmons, and that Harris's motion fails on its merits. [D.E. 39] 2–3, 12–13. On July 3, 2012, Harris responded in opposition to the government's motion to dismiss. [D.E. 42] 3–9.

II.

"[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). The court may rely on a defendant's sworn statements made during the Rule 11 colloquy to conclude that the defendant made a collateral-attack waiver knowingly and voluntarily. Id. at 221–22; see Blackledge v. Allison, 431 U.S. 63, 73–74 (1977). Thus, absent "extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any [section] 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221–22.

In his plea agreement, Harris agreed "[t]o waive knowingly and expressly . . . all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to [section] 2255, excepting . . . [a motion] based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to [Harris] at the time of [his] guilty plea." [D.E. 16] ¶ 2(c). When he pleaded guilty, Harris affirmed under oath that he knowingly and voluntarily agreed to the terms of the plea agreement, including the collateral-attack waiver. [D.E. 24] 14–15, 19–20. Harris's waiver of his right to contest his conviction or sentence by filing a section 2255 motion is therefore valid and enforceable. See Lemaster, 403 F.3d at 220–22. Indeed, in dismissing Harris's appeal of his sentence, the Fourth Circuit enforced the waiver in paragraph 2(c) of the plea agreement. See Harris, 373 F. App'x at 377–78.

Harris's assertions that the court misapplied the sentencing guidelines do not constitute "ineffective assistance of counsel [or] prosecutorial misconduct not known to [Harris] at the time of [his] guilty plea." [D.E. 16] ¶ 2(c). Thus, the collateral-attack waiver in Harris's plea agreement bars his first two claims. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005); Lemaster, 403 F.3d at 220–22.

In opposition, Harris argues that when he pleaded guilty, he could not reasonably have contemplated that he later would be able to argue that the court's application of sections 2K2.1(a)(2) and 2K2.1(b)(6) was erroneous. See [D.E. 42] 3–4. Thus, Harris contends that the court's application of those sections falls outside the collateral-attack waiver. Id.; see United States v. Yancey, 463 F. App'x 202, 203 (4th Cir. 2012) (per curiam) (unpublished); Blick, 408 F.3d at 172. The court disagrees.

At sentencing and again in considering this motion, the court reflected significantly on Harris's case. Harris is a committed recidivist. Between age sixteen and age twenty-four, Harris

4

amassed numerous convictions, including two felony convictions for possession with the intent to sell and deliver cocaine, one felony conviction for conspiracy to sell and deliver cocaine, one felony conviction for selling cocaine, one felony conviction for maintaining a vehicle, dwelling, or place for a controlled substance, one felony conviction for fleeing with a motor vehicle to elude arrest, one misdemeanor conviction for assault on a government official, one misdemeanor conviction for resisting a public officer, and two misdemeanor larceny convictions. See PSR ¶¶ 6–11. And in this case, he was convicted and sentenced for being a felon in possession of a firearm and ammunition—a loaded .45 caliber handgun. See id. ¶¶ 3–4.

Furthermore, Harris is alarmingly violent and shows no respect for the law. On December 3, 2004, Harris elbowed and kicked a police officer attempting to serve Harris with traffic citations. See id. ¶ 8. On September 10, 2006, while attempting to elude arrest for driving while his license was revoked, Harris drove 85 miles per hour in a 35 mile per hour zone. See id. ¶ 11. Finally, on April 24, 2008, the date of the events culminating in his conviction and sentence in this case, Harris was involved in a fight and a foot chase with police officers as well as obstruction of justice. See id. ¶¶ 3–4. Specifically, on April 24, 2008, police officers responded to a report of a physical altercation involving an armed man. See id. As officers approached, Harris fled on foot. Harris did not stop upon an officer's request, and a foot chase ensued. See [D.E. 28] 18. During the chase, the pursuing officer noticed Harris reach into his waistband and discard an item. See id. 19. After Harris stopped and was detained, officers searched the area where Harris had discarded the object and discovered a loaded .45 caliber handgun. See id.

Officers then transported Harris to the county jail for processing. See id. 22. A jail detention officer searched Harris and located a rock of crack cocaine in Harris's pants pocket. See id. 22–23.

5

While the arresting officer examined the crack rock, Harris grabbed the officer's hand and "squeezed as hard as he could," crushing the crack rock. Id. 23. The crack rock crumbled onto the jail floor and officers could not recover any residue. See id. 23–24. Officers then struggled with Harris to place him back into secure custody. See id. 23.

At sentencing in December 2008, Harris's unrelenting violence, criminality, and disrespect for the law greatly troubled the court. To punish Harris, to protect society from Harris, and to deter others, the court sentenced Harris to 90 months' imprisonment. See [D.E. 18, 20]. The maximum term of imprisonment under the statute of conviction is 120 months. See 18 U.S.C. §§ 922(g)(1), 924(a)(2). The court remains steadfast in its belief that 90 months' imprisonment is the sentence sufficient but not greater than necessary to comply with 18 U.S.C. § 3553(a). See [D.E. 28] 40–43. Thus, even if the court could not have applied sections 2K2.1(a)(2) and 2K2.1(b)(6), it would have varied upward from Harris's advisory guideline range to impose the exact same sentence. See United States v. Savillon-Matute, 636 F.3d 119, 123–24 (4th Cir.), cert. denied, 132 S. Ct. 454 (2011); United States v. Keene, 470 F.3d 1347, 1348–50 (11th Cir. 2006). Accordingly, even if Harris's collateral-attack waiver did not bar Harris's claims that the court erroneously applied sections 2K2.1(a)(2) and 2K2.1(b)(6), those two claims fail on the merits.

To determine whether Harris's collateral-attack waiver bars his ineffective assistance claim, the court must determine whether Harris knew the facts underlying his claim when he pleaded guilty on September 2, 2008. Harris claims that his attorney was ineffective at sentencing in December 2008 because he failed to anticipate the change in law reflected in the combination of Carachuri-Rosendo and Simmons, and erroneously allowed the court to use sections 2K2.1(a)(2) and 2K2.1(b)(6) to calculate Harris's advisory guideline range. See [D.E. 34] 5; [D.E. 42] 8. Harris

6

argues that his claim is based on alleged ineffective assistance of counsel not known to Harris when he pleaded guilty, and therefore is not barred by his plea agreement. Harris's argument fails.

"[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001). A defendant alleging ineffective assistance of counsel must satisfy the two-part test established by Strickland v. Washington, 466 U.S. 668 (1984). First, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness. See id. at 687–88. Second, the defendant must demonstrate that counsel's deficient performance prejudiced the defendant. See id. at 694; see also Missouri v. Frye, 132 S. Ct. 1399, 1409–10 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1384–85 (2012); Hill v. Lockhart, 474 U.S. 52, 57 (1985); Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc).

With respect to performance, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 130 S. Ct. 13, 16 (2009) (per curiam) (quotations omitted); see Strickland, 466 U.S. at 687–91. An attorney's failure to anticipate a new rule of law is not grounds for an ineffective assistance of counsel claim. See, e.g., United States v. McNamara, 74 F.3d 514, 516–17 (4th Cir. 1996) (collecting cases); Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995) (collecting cases). Here, the court sentenced Harris on December 2, 2008. See [D.E. 20, 28]. On that date, Harris's conviction for speeding to elude arrest and his possession with the intent to sell and deliver cocaine reflected in paragraph 11 of his PSR

7

were both considered felonies under federal law. Although that subsequently changed in 2011 when the Fourth Circuit interpreted Carachuri-Rosendo in Simmons, Harris's attorney's failure to anticipate the new rule reflected in Simmons is not grounds for an ineffective assistance of counsel claim. See, e.g., McNamara, 74 F.3d at 516–17; Kornahrens, 66 F.3d at 1360. Thus, Harris failed to satisfy the performance prong of the Strickland test.

With respect to prejudice, a defendant alleging ineffective assistance of counsel at sentencing must show that, but for counsel's error, there is a reasonable probability that he would have received a shorter sentence. See, e.g., Lafler, 132 S. Ct. at 1386; Glover, 531 U.S. at 203–04. For purposes of analyzing prejudice, the court assumes, without deciding, that sections 2K2.1(a) and 2K2.1(b)(6) would not have applied. Rather, the court assumes, without deciding, that Harris's base offense level would have been twenty under section 2K2.1(b)(4)(A). Cf. PSR ¶ 7. Furthermore, the court assumes, without deciding, that it then would have subtracted three levels for acceptance of responsibility. In light of Harris's criminal history category of IV, the court assumes, without deciding, that his advisory guideline range would have been 37–46 months.

An advisory guideline range of 37–46 months dramatically understates Harris's history of violence, criminality, and disrespect for the law. Cf. United States v. McNeill, 598 F.3d 161, 167 (4th Cir. 2010). At Harris's sentencing hearing, the court heard credible testimony describing Harris's possession of a loaded .45 caliber handgun, flight from police, attempt to discard the handgun, contemporaneous possession of crack cocaine, and physical destruction of the drug evidence against him while being processed at the county jail. [D.E. 28] 18–24, 33. Harris's current offense conduct represented yet another escalation in Harris's criminal profile and the danger he posed to society. Thus, even if Simmons applied, the court would have sentenced Harris to 90 months' imprisonment. As this court discussed at length in Harris's sentencing hearing, that

8

sentence is the sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in" 18 U.S.C. § 3553(a). Such a sentence also would have been (and remains) procedurally and substantively reasonable. See, e.g., United States v. Diasdado-Star, 630 F.3d 359, 365–67 (4th Cir. 2011); United States v. Evans, 526 F.3d 155, 161–66 (4th Cir. 2008). Harris fails Strickland's prejudice prong because he cannot show that, but for his attorney's alleged error, there is a reasonable probability that he would have received a shorter sentence. Accordingly, Harris's claim for ineffective assistance of counsel fails. See Lafler, 132 S. Ct. at 1386; Glover, 531 U.S. at 203–04.

Finally, Harris procedurally defaulted his first two claims under Simmons. Harris did not raise these two claims on direct appeal, yet the legal foundation was present to make the claims. Specifically, on direct appeal Harris could have, but did not cite United States v. Rodriquez, 553 U.S. 377, 388 (2008), and Unites States v. Pruitt, 545 F.3d 416, 423 (6th Cir. 2008), to challenge United States v. Harp, 406 F.3d 242 (4th Cir. 2005). See Pruitt, 545 F.3d at 424. Under the general rule of procedural default, "claims not raised on direct appeal may not be raised on collateral review." Massaro v. United States, 538 U.S. 500, 504 (2003). Moreover, Harris cannot show "cause and prejudice" or "actual innocense" in order to avoid this general rule. See, e.g., Bousley v. United States, 523 U.S. 614, 622–24 (1998); United States v. Pettiford, 612 F.3d 270, 280, 284 (4th Cir. 2010).[1]

After reviewing the claims presented in Harris's section 2255 motion, reasonable jurists would not find the court's treatment of any of Harris's claims debatable or wrong, and none of the

---

[1] In light of this court's analysis, the court does not address the government's timeliness argument under 28 U.S.C. § 2255(f). Cf. United States v. Powell, 691 F.3d 554, 556–60 (4th Cir. 2012).

9

issues are adequate to deserve encouragement to proceed further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

III.

In sum, the court GRANTS the government's motion to dismiss [D.E. 38] and DISMISSES Harris's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [D.E. 34]. The court DENIES a certificate of appealability.

SO ORDERED. This 10 day of December 2012.

JAMES C. DEVER III
Chief United States District Judge

10

Case 5:08-cr-00156-D  Document 43  Filed 12/11/12  Page 10 of 10